CrA'STON, Judge.
Before the plaintiff could entitle himself to a verdict, it was necessary to shew an assent on the part of the executor to the legacy in his favour. Acquiescence *403 by an executor in the possession or sale, by the legatee for life, of the thing bequeathed, would furnish a ground for ferring an assent to the ulterior bequest. But such an inference could not be here raised, until it appeared that there was in fact an executor to assent. No man can be compelled to accept the office of executor; and without some act manifesting acceptance of the office, it cannot be presumed. The ordinary mode in which this acceptance is declared, is by proving the will as executor. In this case the office was not thus accepted. The individual named as executor in the will was also a witness to its execution; and on its production in Court, he testified to its execution as a witness, but did not qualify to it as executor. It became, therefore, necessary forthe plaintiff to shew some act of administration characteristic of the office of executor, done by the person thus nominated, which was equivalent to an acceptance of the office. He offered no testimony of any kind tending to shew such an act. But, it is insisted on his behalf, that this defect in his testimony was supplied by the testimony on the part of the defendant. The latter examined the supposed executor, who testified that he had neither qualified nor acted as executor; and stated also, that when the sale was made of the negro woman Lucy, by the widow of the testator, to Robert Simonton, from whom she was shortly afterwards purchased by the defendant, he, at Simonton’s request, took the negro woman to his house, and afterwards, by Simonton’s direction, delivered her to the defendant: Now, it is not pretended that this testimony, if true, proves or tends to prove that the witness acted as executor; but it is argued that it should have been left to the jury, because they might have believed that the acts were done, but not done in the charac-acter of agent of Simonton; and thence have inferred an in-termeddling with the estate as executor. To this argument we think it is properly objected that the opinion intimated by the Judge, that this testimony was not evidence of acceptance of the office, is necessarily predicated upon the supposition of its truth — and if the plaintiff denied the representation of facts as made by the witness, he ought, in fairness, to have insisted that the truth of this representation should *404 have been submitted to the jury. But there is another answer to the argument, which we think satisfactory. Certainly jurors are not bound to take either the whole or any part of a witness’s testimony as true, if, in their consciences, they do not so believe But when it is incumbent on a party to establish a fact, and the only testimony in relation thereto contradicts it, a jury cannot capriciously mangle the testimony so as to convert it into evidence of what it does not prove. If the witness be deserving of credit, the fact necessary to be shewn is disproved — and if he be not worthy of credit, there is a defect of proof.
It is not necessary to express an opinion upon the other point. If it were, we should probably hold that according to the true construction of the will, the legacy to the plaintiff was not to take effect in possession until after the death of the widow; that if he had- a right of action, it did not arise until her death, and that therefore this suit was not barred by the statute of limitations. The judgment is affirmed with costs.
Per Curiam. Judgment affirmed.